**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

            - against -

JORGE MANUEL TORRES-TEYER,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2025

**01 CR 21 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Jorge Manuel Torres-Teyer ("Torres-Teyer"), moving *pro se*, seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582(c)(1)"). (See "Motion" or "Mot.", Dkt. No. 252.) The Government opposes both forms of relief. (See "Opposition" or "Opp.", Dkt. No. 256.) For the reasons detailed below, the motion is **DENIED**. Torres-Teyer is not eligible for a sentence reduction because Amendment 782 to the United States Sentencing Guidelines (the "Sentencing Guidelines") does not lower the applicable sentencing range. Additionally, Torres-Teyer is not eligible for compassionate release because he has failed to establish an extraordinary and compelling reason warranting relief.

**I.   BACKGROUND**

In 2003, Torres-Teyer pleaded guilty before Judge Gerard Lynch to Counts One, Two, and Three of the Superseding

1

Indictment: (1) conspiracy to import into the United States five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 952(a), 960(b)(1)(B)(ii), and 963; (2) conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and (3) possession of a firearm during and in relation to drug trafficking crimes charged in Counts One and Two, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2). (See Dkt. (minute entry dated 05/16/2003).) Following Torres-Teyer's guilty plea, Judge Lynch held a Fatico hearing to make factual findings and resolve disputed issues. See United States v. Teyer, 322 F. Supp. 2d 359 (S.D.N.Y. 2004). As relevant to the pending motion, Judge Lynch found that Torres-Teyer had played a substantial leadership role in the conspiracy to import "vast amounts of cocaine." Id. at 371. The evidence also supported a finding that "Torres-Teyer's activities involved the importation of 15,000 kilograms, perhaps more – at a minimum, more than 100 times the amount that would justify a base offense level of 38." Id.

Ultimately, Judge Lynch calculated that the Sentencing Guidelines established a sentencing range of 324 to 405 months, to be "followed by a mandatory consecutive sentence of 60 months pursuant to 18 U.S.C. § 924(c)." Id. at 373.

In May 2004, Judge Lynch sentenced Torres-Teyer to an aggregate term of 456 months (396 months on Counts 1 and 2 to run concurrently), followed by five years' supervised release. (See Dkt. No. 55.) Torres-Teyer appealed his conviction (see Dkt. No. 57), and while the appeal was pending, the Supreme Court decided two cases - Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) - which changed the Sentencing Guidelines from mandatory to advisory. In June 2005, the Second Circuit affirmed Torres-Teyer's conviction and remanded for sentencing proceedings consistent with Blakely and Booker. See United States v. Magana, 147 F. App'x 200, 202 (2d Cir. June 14, 2005). In 2006, Judge Lynch rejected Torres-Teyer's resentencing application. (See Dkt. No. 92.) After Torres-Teyer appealed that decision (see Dkt. No. 94), the Second Circuit affirmed the opinion. See United States v. Torres-Teyer, 412 F. App'x 388 (2d Cir. Mar. 7, 2011).

In 2015, the case was reassigned to Judge Paul Crotty (see Dkt. (minute entry dated 05/27/2015)), and in 2016, it was reassigned again from Judge Crotty to this Court. (See Dkt. (minute entry dated 07/15/2016).) Torres-Teyer is currently incarcerated at FCI Danbury in Danbury, Connecticut, with a projected release date of June 4, 2035.

## II.   **MOTION FOR SENTENCE REDUCTION**

Under Section 3582(c)(2), a district court may reduce a defendant's term of imprisonment when the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See United States v. Carrasco, No. 01-CR-021 VM, 2015 WL 4111449, at *1 (S.D.N.Y. June 23, 2015).

A district court may grant such a reduction after conducting a "two-step inquiry." Dillon v. United States, 560 U.S. 817, 826 (2010). First, the district court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized" by Section 1B1.10 ("Section 1B1.10") of the Sentencing Guidelines. United States v. Bright, No. 06 CR. 242, 2025 WL 2511002, at *2 (S.D.N.Y. Sept. 2, 2025) (citation omitted). Pursuant to Section 1B1.10, "[e]ligibility for consideration under [Section 3582(c)(2)] is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.,* the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a)." U.S.S.G. § 1B1.10 Application Note 1(A). Notably, however, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized . . . [if the]

4

amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Second, "if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction in whole or in part under the particular circumstances of the case." United States v. Coke, No. 07-CR-971-LTS-14, 2024 WL 1604241, at *2 (S.D.N.Y. Apr. 12, 2024) (internal quotation marks omitted).

Torres-Teyer seeks a sentence reduction under Amendment 782 of the Sentencing Guidelines, which is included among the triggering amendments listed in Section 1B1.10(d). (See Mot. at 2-3.) Amendment 782, made effective by the United States Sentencing Commission in November 2024, "amended the Drug Quantity Table in [Section 2D1.1 of the Sentencing Guidelines] to reduce the offense levels associated with certain controlled substances crimes by two levels." United States v. Leonard, 844 F.3d 102, 106 (2d Cir. 2016); U.S.S.G. Supp. to App'x C, amend. 782. The Sentencing Commission also adopted Amendment 788, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. U.S.S.G. Supp. to App'x C, amend. 788.

5

Here, Torres-Teyer is not eligible for a sentence reduction pursuant to Section 3582(c)(2) because Amendment 782 "does not have the effect of lowering the . . . applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In his motion, Torres-Teyer states that, according to his presentence investigation report, his offense "was determined to involve in excess of 150 kilograms of cocaine, thus, rendering a base offense level of 38." (Mot. at 3.) Torres-Teyer argues that now, pursuant to Amendment 782, his base offense level is 36. (Id.) This logic is flawed. Had Amendment 782 been in effect at the time of Torres-Teyer's sentencing, his base offense level - and thus his total offense level and guidelines range - would have been the same. Prior to the Amendments, a defendant received a base offense level of 38 if his drug crime involved 150 kilograms or more of cocaine. The Amendments increased the amount of cocaine required for a base offense level of 38 to 450 kilograms of cocaine. Since the Court previously found that Torres-Teyer's "activities involved the importation of 15,000 kilograms, perhaps more," his base offense level remains 38. Teyer, 322 F. Supp. 2d at 371.

Because the Amendments do not alter Torres-Teyer's applicable Sentencing Guidelines range, the Court concludes that Torres-Teyer is not eligible for a sentence reduction.

6

Finally, because Torres-Teyer is not eligible for a sentence reduction, the Court need not proceed with the remainder of the Dillon analysis. See 560 U.S. at 827. Accordingly, Torres-Teyer's motion for a sentence reduction pursuant to Section 3582(c)(2) is **DENIED**.

### III. MOTION FOR COMPASSIONATE RELEASE

To obtain compassionate release pursuant to Section 3582(c)(1), the defendant must show (1) extraordinary and compelling reasons that, consistent with Policy Statement 1B1.13, warrant a sentence reduction and (2) that he has complied with the administrative exhaustion requirements of Section 3582(c)(1).[1] See United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *2–4 & n.3 (S.D.N.Y. Nov. 30, 2023); United States v. Rengifo, 569 F. Supp. 3d 180, 187 (S.D.N.Y. 2021). In light of such showings, the district court must

---

[1] Torres-Teyer argues that Policy Statement 1B1.13 is "not applicable to a motion brought by a defendant in the district court" pursuant to the Second Circuit's decision in United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020). (Mot. at 4-5.) However, as other courts in this District have explained, "the amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the [First Step Act], and the Policy Statement's language is no longer outdated." See, e.g., Feliz, 2023 WL 8275897, at *4 (internal quotation marks omitted). "Brooker does not apply to the new version of Policy Statement 1B1.13 because the Policy Statement, as amended, is now applicable to compassionate release motions brought in court by defendants. . . . Accordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, . . . also find that granting such relief is consistent with Policy Statement 1B1.13, which sets forth the circumstances under which an extraordinary and compelling reason for compassionate release or sentence reduction would exist." Id. (internal quotation marks omitted).

also find that the sentencing factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a)") weigh in favor of a sentence reduction. See United States v. Daugerdas, 613 F. Supp. 3d 807, 809 (S.D.N.Y. 2020).

Torres-Teyer seeks compassionate release pursuant to Section 3582(c)(1), arguing that his age, medical conditions, and family circumstances are extraordinary and compelling reasons warranting a sentence reduction. (See Mot. at 6.) Sentencing Guidelines Policy Statement 1B1.13(b) ("Policy Statement 1B1.13(b)") permits district courts to weigh such circumstances and outlines the relevant considerations. See U.S.S.G. § 1B1.13(b).

First, a court may consider a defendant's age if he is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of his term of imprisonment, whichever is less. See U.S.S.G. § 1B1.13(b)(2). While it is true Torres-Teyer has served approximately 23 years of his sentence, his age – 60 - does not satisfy Policy Statement 1B1.13(b)'s threshold of "at least 65 years old." U.S.S.G. § 1B1.13(b)(2).

Next, as to his medical status, Torres-Teyer makes two assertions: (1) his chronic cervical arthritis is a "deteriorating health condition"; and (2) because of this

condition, "he is on a path to which he will not be able to walk in the near future." (Mot. at 1, 6.) Torres-Teyer supports these statements by pointing the Court to attached medical records. These statements and records, however, fail to satisfy the standards set forth in Policy Statement 1B1.13(b)(1). First, cervical arthritis is not a "terminal illness" qualifying for relief. U.S.S.G. § 1B1.13(b)(1)(A). Second, under Policy Statement 1B1.13(b)(1), a sentence reduction may also be warranted if the defendant is suffering from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)-(C).

Here, Torres-Teyer contends that "he will eventually be unable to walk" but points to nothing specific in his medical records substantiating such a claim. (Mot. at 6.) Additionally, Torres-Teyer offers no evidence supporting – and his records do not indicate – how his condition "substantially diminishes" his ability to provide self-care

9

or how his condition "requires long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(B)-(C). Thus, Torres-Teyer's diagnosed chronic cervical arthritis does not constitute an extraordinary and compelling reason warranting release. See, e.g., United States v. Castillo, No. 03 Cr. 979, 2023 WL 2262881, at *3 (S.D.N.Y. Feb. 28, 2023) (finding that a 65-year-old defendant with multiple serious medical issues, including an enlarged prostate, heart disease, and eye problems had not shown extraordinary and compelling reasons); United States v. Guerra, No. 10 Cr. 147, 2020 WL 6700084, at *1 (E.D.N.Y. Nov. 13, 2020) (denying compassionate release where defendant suffered from "chronic back pain, frequent migraine headaches, and limited use of his hands and extremities" caused by chronic spinal cord encephalomalacia and arthrosis).

Torres-Teyer further argues that his inability to see his family constitutes an extraordinary and compelling reason satisfying the standard for release. (See Mot. at 6.) Torres-Teyer asserts that "as a consequence of his conviction[,] the visas of his entire family were unjustifiably revoked," he "has not seen his parents, three children, four brothers, or two sister in 23 plus years," and "his parents passed away 6 years ago" – all circumstances which have "severely

10

traumatized" him. (Id.) However, none of these circumstances amount to extraordinary and compelling reasons under Policy Statement 1B1.13(b)(3). First, as the Government notes, Torres-Teyer asserted his family visa revocation argument in his application for resentencing, which Judge Lynch found unpersuasive. See United States v. Torres Teyer, No. 01 CR. 21, 2006 WL 3511885, at *7 (S.D.N.Y. Dec. 6, 2006). Further, a period of family separation qualifies as an extraordinary compelling reason if the defendant is "the only available caregiver" for a child, spouse, parent, or other immediate family member. U.S.S.G. § 1B1.13(b)(3). Torres-Teyer has made no indication that he is the only available caregiver for any of his immediate family members.

Finally, as stated, if the defendant can show an extraordinary and compelling reason, a district court must also find that Section 3553(a) weighs in favor of a sentence reduction. See Daugerdas, 613 F. Supp. 3d at 809. Torres-Teyer urges the Court to weigh evidence of rehabilitation as a relevant consideration under Section 3553(a). However, because the Court finds that Torres-Teyer has not set forth extraordinary and compelling reasons warranting early release under Policy Statement 1B1.13(b), the Court need not decide whether the considerations in Section 3553(a) weigh in favor

of a sentence reduction.[2] See Carrasco, 2015 WL 4111449, at *1.

Accordingly, Torres-Teyer's motion for compassionate release pursuant to Section 3582(c)(1) is **DENIED**.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 252) of defendant Jorge Manuel Torres-Teyer ("Torres-Teyer") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is hereby **DENIED** because Torres-Teyer is not eligible for a sentence reduction pursuant to United States Sentencing Commission Guidelines Amendments 782 and 788; and it is further

**ORDERED** that Torres-Teyer's motion (Dkt. No. 252) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is hereby **DENIED** because Torres-Teyer has not established an extraordinary and compelling reason warranting relief.

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jorge Manuel Torres-Teyer,

---

[2] The Government also opposes Torres-Teyer's motion on the basis that he has not exhausted all administrative remedies. The Government argues that Torres-Teyer did not follow BOP "procedural guidance to inmates regarding motions for compassionate release" in part because he failed to submit a required form or otherwise respond to a BOP email. (Opp. at 9.) Because the Court finds that Torres-Teyer has not put forward a sufficient extraordinary and compelling reason warranting release, it does not address the Government's administrative exhaustion argument.

Register No. 29044-177, FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811, and to note service on the docket.

**SO ORDERED.**

Dated:    30 September 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.